UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES LOUIS WILSON,<br><br>Defendant. | Crim. Action No. TDC-95-0493-02<br>Civil Action No. TDC-16-2137 |

**MEMORANDUM OPINION**

Defendant James Louis Wilson has filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 ("the § 2255 Motion"), alleging that his 1996 conviction for using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), must be vacated in light of the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED.

**BACKGROUND**

On April 2, 1996, Wilson was convicted after a jury trial of one count of conspiracy to commit armed robbery of a postal employee, in violation of 18 U.S.C. § 371 (Count 1); one count of armed robbery of a postal employee, in violation of 18 U.S.C. § 2114(a) (Count 2); and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 3), arising from his participation in the 1994 armed robbery of a United States Post Office in Lanham, Maryland. As alleged in the operative Indictment, the § 2114(a) charge in Count 2 was the predicate crime of violence for the § 924(c) charge in Count 3. On June

25, 1996, the Court (Williams, J.) sentenced Wilson to 300 months of imprisonment on each of Counts 1 and 2, with the sentences to run concurrently, and 60 months of imprisonment on Count 3, to run consecutively to the other sentences, for a total term of imprisonment of 360 months.

On June 15, 2016, Wilson filed his § 2255 Motion on the grounds that the § 924(c) conviction should be vacated based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2018), which includes in the definition of a "violent felony" any crime punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *Johnson*, 576 U.S. at 594, 606. The § 2255 Motion was stayed at the request of Wilson pending the resolution of *Davis*, which was subsequently decided on June 24, 2019 and similarly held that the residual clause of the definition of "crime of violence" under 18 U.S.C. § 924(c) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. *See* ECF No. 107. On June 2, 2020, with leave of the Court, Wilson filed a supplement to the § 2255 Motion addressing the impact of *Davis* on his claim. At the same time, however, Wilson requested that the § 2255 Motion be further stayed pending a decision by the United States Court of Appeals for the Fourth Circuit in *United States v. Rumph*, 824 F. App'x 165 (4th Cir. 2020), a case relevant to his separate claim that the Court should re-sentence him because the residual clause of the definition of "crime of violence" applicable to the career offender enhancement under the United States Sentencing Guidelines is unconstitutionally void for vagueness. Now that *Rumph* has been decided, the § 2255 Motion, which the Government opposes, is ripe for disposition.

## DISCUSSION

In the § 2255 Motion, Wilson argues that his conviction under § 924(c) for using and carrying a firearm during and in relation to a crime of violence must be vacated because the

2

underlying predicate offense in Count 2, armed robbery of a postal employee under 18 U.S.C. § 2114(a), no longer qualifies as a crime of violence following *Davis*. Wilson further argues that even if that offense qualifies as a crime of violence, it did not so qualify at the time of his conviction in 1996.

## I.     Legal Standard

A prisoner in federal custody may move to vacate, set aside, or correct the sentence on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2018). The prisoner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). A hearing is necessary where there are material disputed facts or where the court must make a credibility determination in order to resolve the motion. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## II.    Crime of Violence

Under 18 U.S.C. § 924(c), the offense of conviction in Count 3, "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" is subject to a mandatory minimum

term of imprisonment to run consecutively to the sentence for the crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that subsection (B) of § 924(c)(3), known as the "residual clause," is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Accordingly, for an offense to qualify as a "crime of violence" under § 924(c), it must meet the definition set forth in subsection (A), which is known as the "force clause." *See United States v. Bryant*, 949 F.3d 168, 172 (4th Cir. 2020).

In this case, the predicate "crime of violence" underlying Wilson's § 924(c) conviction was Wilson's conviction in Count 2 for armed robbery of a postal employee, in violation of 18 U.S.C. § 2114(a). That statute provides that:

> (a) Assault.--A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a).

Wilson argues that a conviction for robbery of a postal employee under § 2114(a) does not constitute a conviction for a crime of violence under § 924(c) because the crime can be committed using only *de minimis* force and thus does not meet the force clause's requirement of "physical

4

force," which consists of "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (defining physical force for purposes of the analogous force clause in the definition of "violent felony" under the ACCA). As part of this argument, Wilson contends that the second clause of § 2114(a), which includes a requirement that the defendant "wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon" and thus has been referred to by the Fourth Circuit as the "aggravated" version of robbery of a postal employee ("aggravated postal robbery"), is not divisible from the first clause, which has been referred to as the "basic" version of robbery of a postal employee ("basic postal robbery"). *See Bryant*, 949 F.3d at 174. Wilson further argues that even if the offense of aggravated postal robbery is divisible from the crime of basic postal robbery, at the time of his conviction in 1996, § 2114(a) consisted of an indivisible offense that did not qualify as a crime of violence under the force clause of § 924(c).

The question whether Wilson's conviction in Count 2 for aggravated postal robbery qualifies as a "crime of violence" under the force clause depends on two determinations. First, aggravated postal robbery, which is based on the element described in the second clause of § 2114(a), must be deemed to be divisible from basic postal robbery, which is based only on the first clause of § 2114(a). Second, that divisible crime must have as element "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

## A. Divisibility

On the first point, "[t]o determine whether an offense qualifies as a crime of violence under the force clause of § 924(c)(3)(A), '[courts] apply the categorical approach or the modified categorical approach, depending on the nature of the offense.'" *Bryant*, 949 F.3d at 172 (quoting

5

*United States v. Mathis*, 932 F.3d 242, 264 (4th Cir. 2019)); *see also Descamps v. United States*, 570 U.S. 254, 257 (2013). The categorical approach, under which the elements of the crime of conviction are reviewed for a match to the force clause without regard to the specific facts of the case, must be applied when the predicate statute "sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). The modified categorical approach, an aid for determining "what crime, with what elements, a defendant was convicted of," *id.* at 2249, is applied when the predicate statute is "divisible," in that it sets out "potential offense elements in the alternative" and thus includes "multiple, alternative versions of the crime." *Descamps*, 570 U.S. at 260, 262. A criminal statute that lists only "alternative means of committing a crime is not divisible." *Bryant*, 949 F.3d at 173. "Elements, as distinguished from means, are [the] factual circumstances of the offense the jury must find unanimously and beyond a reasonable doubt." *Id.*; *see Mathis*, 136 S. Ct. at 2248.

In *Bryant*, the Fourth Circuit addressed the precise issue presented here: whether aggravated postal robbery qualifies as a crime of violence under the force clause of § 924(c). *Bryant*, 949 F.3d at 173. In that instance, the parties agreed that § 2114(a) is divisible into at least two parts: "a basic version of the crime in the first clause (before the semicolon) and an aggravated version of the crime with an enhanced maximum penalty (after the semicolon)." *Id.* at 174. While the court therefore did not need to specifically analyze and decide the question whether § 2114(a) is divisible, it plainly is so. The second clause of § 2114(a), following the semicolon, sets forth additional elements—"wound[ing]" or placing the "life [of the victim] in jeopardy by the use of a dangerous weapon"—that must be established in order to trigger a separate, enhanced punishment. *See* 18 U.S.C. § 2114(a). "If statutory alternatives carry different punishments. . . they must be elements." *Mathis*, 136 S. Ct. at 2256. Multiple United States Courts of Appeals have reached the conclusion that § 2114(a) is divisible, with aggravated postal robbery constituting a separate

6

offense. *See United States v. Knight*, 936 F.3d 495, 498-99 (6th Cir. 2019) (holding that § 2114(a) is divisible in that it "sets out a separate aggravated offense" with the additional element of wounding the victim or putting the victim's "life in jeopardy by the use of a dangerous weapon" and with a higher maximum penalty); *United States v. Enoch*, 865 F.3d 575, 580 (7th Cir. 2017) ("[Section 2114(a)] contains different elements and different punishments and therefore is divisible. The portion of the statute before the semi-colon . . . constitutes a different crime than the part of the statute after the semi-colon."). The Court therefore finds that § 2114(a) is divisible in the manner described in *Bryant*. 949 F.3d at 174.

### B. Modified Categorical Approach

Because § 2114(a) is divisible, the modified categorical approach applies to determine which version of the crime was the basis for Wilson's conviction and whether it constitutes a crime of violence under the force clause of § 924(c)(3). *Bryant*, 949 F.3d at 173. Under the modified categorical approach, when a criminal statute is divisible, the court may "examine a limited set of documents," such as "the indictment, jury instructions, or plea agreement and colloquy," solely to determine "which of the statute's alternative elements" was the basis of the prior conviction. *Id.* The court then applies the traditional categorical approach to determine whether that form of the crime is a "crime of violence" under the force clause. *Id.*

In this case, Count Two of the Indictment specifically alleged not only that Wilson violated § 2114(a) by "knowingly and willfully . . . rob[bing] persons having lawful charge, control, and custody of mail matter, money, and other property of the United States by taking from such persons money belonging to the United States," but also that "in effecting such robbery [Wilson] did put in jeopardy the life of said persons by the use of a dangerous weapon, that is, handguns." Indictment at 4, ECF No. 110-2. Thus, Wilson was charged with and convicted of aggravated postal robbery under the second clause of § 2114(a).

7

In *Bryant*, the Fourth Circuit specifically held that "the aggravated offense contained in § 2114(a), which requires that the defendant wound or put the victim's life in jeopardy by use of a dangerous weapon during the commission of the basic offense, is categorically a crime of violence under the force clause of § 924(c)(3)(A)." *Bryant*, 949 F.3d at 182; *see also Enoch*, 865 F.3d at 582 (holding that armed postal robbery is a crime of violence under the force clause of § 924(c) in part because "it is beyond question that a robbery that puts a person's life in jeopardy by the use of a dangerous weapon is a violent crime under the *Johnson* definition"). *Bryant* is controlling authority. Because Wilson was convicted of the aggravated postal robbery offense contained in the divisible second clause of § 2114(a), his conviction qualifies as a crime of violence under the force clause of § 924(c)(3)(A).

### C.     1996 Statute

Wilson has effectively conceded that "§ 2114(a) is now considered a divisible offense," Supp. Pet. at 9, ECF No. 110-1, and he offers no basis to contradict *Bryant*'s holding that aggravated postal robbery is a crime of violence under the force clause of § 924(c). Wilson nevertheless argues that at the time of his conviction in 1996, § 2114(a) was not divisible because the Supreme Court had yet to decide *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that any fact other than the fact of a prior conviction which increases the statutory maximum penalty for a crime for a specific defendant must be submitted to and decided by a jury, *id.* at 490, such that the time of his conviction there was no requirement that the aggravating factors set forth in the second clause of § 2114(a) actually be presented to and found by a jury. Wilson thus contends that at that time, the offense of aggravated postal robbery established by the second clause of § 2114(a) was not a "separate offense" but was merely a sentencing factor, thus requiring application of the categorical approach. Supp. Pet. at 9, ECF No. 110-1. In turn, Wilson argues that under the categorical approach, the crime of postal robbery was not a crime of violence under

8

the force clause because it could be committed without "physical force" as defined in *Johnson*. *See Johnson*, 559 U.S. at 140.

This argument fails for multiple reasons. First, although the specific language of § 2114(a) has changed slightly—the word "[w]hoever" was stricken and replaced with "Assault—a person who . . .," and the phrase "or attempts to rob" was inserted after the word "robs"—the text at the time of Wilson's offense is not materially different from the present text reviewed in *Bryant*, and the structure of the statute, including the two clauses separated by a semicolon, remains the same. *Compare* 18 U.S.C. § 2114(a) (1994) *with* 18 U.S.C. § 2114(a) (2018).

In light of the lack of material changes to the statute, Wilson centers his claim that § 2114(a) was indivisible at the time of his conviction on the language in *Costner v. United States*, 139 F.2d 429 (4th Cir. 1943), in which the Fourth Circuit stated that a predecessor statute to § 2114(a) was "not intend[ed] to create separate offenses." *Id.* at 432. Wilson takes this statement out of context. In *Costner*, the court reviewed the statute in order to evaluate a claim that a defendant was improperly convicted of and sentenced for two violations of § 2114(a)—one under the first clause for assault with the intent to rob and one under the second clause for robbery using a dangerous weapon. *Id.* at 430-31. Considering the principles of double jeopardy set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), under which the test for whether there are two offenses or only one for double jeopardy purposes is "whether each provision requires proof of a fact which the other does not," *id.* at 304, the court found that one offense "necessarily includes" the other, and that Congress had not intended to "create separate offenses" and to authorize convictions under both and the imposition of the separate penalties for the basic and aggravated versions of the crime simultaneously. *Costner*, 139 F.2d at 432.

Thus, the reference to "separate offenses" related to an analysis of whether the crime of basic postal robbery under the first clause of § 2114(a) was a lesser included offense of aggravated

9

postal robbery under the second clause, and whether under double jeopardy principles a defendant could be convicted and sentenced on both. *Costner* has no bearing on the entirely different issue of whether § 2114(a) was divisible for purposes of the application of the modified categorical approach, including whether the fact that the defendant put a "life in jeopardy by the use of a dangerous weapon" was an element, rather than a means of commission, that a jury would have been required to find beyond a reasonable doubt.

Indeed, even prior to *Apprendi*, the Fourth Circuit recognized that on a charge of aggravated postal robbery under the second clause of § 2114(a), the fact that a defendant put a "life in jeopardy by the use of a dangerous weapon" was an element that the jury had to find beyond a reasonable doubt. *United States v. Almon*, 238 F.3d 415 (Table), 2000 WL 1692299, at *1 (4th Cir. 2000) (per curiam) (finding that jury instructions given at a 1999 trial which specifically required the jury to find this fact "accurately reflected the indictment and the elements of the offense"). Prior to Wilson's conviction and *Apprendi*, at least one other circuit had likewise held that the "dangerous weapon" prong of § 2114(a) was an "element" of aggravated postal robbery. *See United States v. Lawrence*, 699 F.2d 697, 701-03 (5th Cir.1983) (cited with approval in *Almon*). Because the "dangerous weapon" requirement of the second clause of § 2114(a) was an element of that offense at the time of Wilson's conviction in 1996, the Court concludes that § 2114(a) was divisible both at the time of conviction and today. *See Bryant*, 949 F.3d at 173 (stating that a criminal statute is divisible if it lists "potential offense elements in the alternative" but not if merely lists "alternative means of committing a crime"). Wilson's claim that the analysis of *Bryant* is not applicable because his conviction predated *Apprendi* thus fails. Under the controlling analysis of *Bryant*, armed postal robbery is a crime of violence under the force clause of § 924(c), such that there is no basis to vacate Wilson's conviction and sentence on Count 3.

## III. Career Offender Enhancement

Wilson also challenges the sentencing court's determination that he was a career offender under the United States Sentencing Guidelines ("the Guidelines"), on the grounds that the residual clause in the definition of "crime of violence" under the career offender guideline applicable at the time of Wilson's conviction, U.S.S.G. § 4B1.2(a), is unconstitutionally vague under *Johnson*, 576 U.S. at 606, such that at least one of his predicate convictions no longer qualifies as a crime of violence. The Supreme Court has held that because the Guidelines are advisory, the residual clause in the definition of a "crime of violence" under the career offender guideline is not subject to a challenge that it is unconstitutionally void for vagueness under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (holding that *Johnson*, 576 U.S. at 606, did not invalidate the residual clause of the career offender guideline because the advisory Guidelines "merely guide the exercise of a court's discretion" and "do not fix the permissible range of sentences"). Since Wilson was convicted and sentenced in 1996, at a time when the Guidelines were mandatory, *Beckles* does not control.

Nevertheless, the Supreme Court has not yet decided whether for purposes of cases in which a defendant was sentenced while the Guidelines were mandatory, the residual clause in the career offender guideline is unconstitutionally void for vagueness. Accordingly, there is no new constitutional right on this issue that would render a § 2255 motion timely under 28 U.S.C. § 2255(f)(3), which allows a § 2255 motion such as the present one to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Indeed, in *United States v. Rumph*, 824 F. App'x 165 (4th Cir. 2020), the Fourth Circuit specifically held that a § 2255 motion seeking resentencing on this basis was untimely because the Supreme Court has not formally held that the residual clause

11

of the mandatory career offender guideline is unconstitutional. *Id.* at 168; *see also United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017) (stating that the Supreme Court "has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to the ACCA's residual clause" deemed unconstitutional by *Johnson*). Wilson's career offender claim is therefore untimely under § 2255(f)(3) and will be dismissed as time-barred. *See Rumph*, 824 F. App'x at 168.

## IV. Certificate of Appealability

A prisoner has no absolute entitlement to appeal a district court's denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B). To appeal this Court's denial of his § 2255 Motion, Wilson must first obtain a certificate of appealability ("COA"). *Id.* A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court reaches the merits of a § 2255 motion, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a § 2255 motion on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the § 2255 motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Because Wilson has not satisfied either of these standards, this Court will not issue a COA. Wilson may still seek a COA from the United States Court of Appeals for the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1) (stating that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it").

## CONCLUSION

For the foregoing reasons, Wilson's Motion to a Motion to Vacate, Set Aside, or Correct the Sentence will be DENIED. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

Date: December 8, 2021

THEODORE D. CHUANG
United States District Judge